# CHARLESTON.

JOHN RICHARDSON *v.* IRVIN W. CHARNOCK, *Sheriff*

(No. 6672)

Submitted November 8, 1929. Decided November 12, 1929.

*Pinsky & Mahan,* for petitioner.
*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

John Richardson was arraigned and convicted on October 24, 1929, before Geo. R. Howard, a justice of the peace of Brooke county, on a warrant charging that he, on October 23, 1929, in said county "did unlawfully drive an automobile over the public streets of the city of Wellsburg, while he, the said John Richardson, was under the influence of liquor, against the peace and dignity of the State." He was adjudged to pay a fine of $50.00 and costs $7.50, and sentenced to serve sixty days in the county jail, and to labor on the public roads until such sentence, fine and costs shall have been paid. On November 2nd the prisoner by counsel tendered to the justice the fine and costs imposed on condition that·he be released from custody, which tender was refused, and Richardson seeks release from custody by habeas corpus on the ground that under section 41, Chapter 64, Acts 1929, the justice exceeded his jurisdiction in sentencing him to confinement in jail. That section reads: "Any person found in a state of intoxication upon any street, road or alley or in any other public place, in this state, shall be guilty of a misdemeanor, and any officer charged with the enforcement of law in this state, shall, without a warrant, take such person into custody and detain him until complaint can be made before a justice, and a warrant issued for his arrest. Upon conviction he shall for the first offense be fined not less than ten nor more than fifty dollars and for a second or any subsequent offense, he shall be fined not less than twenty-five dollars nor more than one hundred dollars and be confined in jail not less than ten days nor more than sixty days; *provided, however,* that if the person so found under the influence of liquor shall at the time be engaged in driving or operating an automobile, truck or other motor vehicle requiring a state license to operate, then upon his conviction as aforesaid his operator's or chauffeur's certificate licensing him to operate motor vehicles in this state under section 84, Chapter 112, Acts 1921, shall be cancelled and revoked by the court or justice trying the case as an additional penalty, and same shall not be reissued for a period of at least one year after the revocation

thereof. All convictions under this section, wherein the penalty includes the revocation of an operator's or chauffeur's certificate shall be immediately certified to the state road commission of this state, by the justice, or other court in which such revocation is had.'' Then follows section 42, which says: ''All acts and parts of acts in conflict herewith are hereby repealed.''

The contention of Richardson is that where a person is arraigned for being intoxicated while driving an automobile or truck on a public road or street, he cannot be sentenced to jail except for a second or subsequent offense, notwithstanding section 88, Chapter 42, Code of 1923, which provides: ''No person shall drive or operate any vehicle, motor driven or otherwise, upon any public road or street in this state when intoxicated or under the influence of liquor, drugs or narcotics; and any one violating this provision shall be guilty of a misdemeanor, and upon conviction thereof shall be punished with a fine of not less than twenty-five dollars nor more than one hundred dollars, *and* shall be confined in the county jail not less than sixty days nor more than six months for the first offense.'' And then the section provides for punishment as for a felony for a second offense. This statute was passed in the year 1921. The sole question presented is whether the Act of 1929 amending the prohibition law and adding the section quoted has repealed the punishment in the Act of 1921 to be imposed upon a driver of a motor vehicle on the public roads or streets while intoxicated. Richardson's counsel avers that it does, and therefore no jail sentence could be imposed, and the only punishment for the first offense (and a second offense is not here involved) is a fine which petitioner has tendered. The Attorney General and his assistant assert that there has been no repeal. Thus the issue is clearly defined.

It will be observed that the statute of 1929 contains a section repealing all acts or parts of acts inconsistent therewith. This general repealing section raises the assumption that the act is repugnant to some act or part of it theretofore passed. The repeal only goes to the extent of repugnancy and no further. It adds very little to the effect of the statute, for

without it any former statute or part thereof which was repugnant to and in irreconcilable conflict with the new statute would be repealed by implication. Lewis Sutherland Stat. Constr. (2nd Ed.) sec. 256. It is quite universally held that repeals by implication are not favored. 12 Ency. Digest Va. & W. Va. Dec. 780; Lewis Suth. Stat. Constr. (2nd Ed.), sec. 267. And it is also quite well established that if the two acts are seemingly repugnant they must be construed so that the latter may not operate as a repeal of the former if such construction be reasonable. It is the duty of courts to uphold and verify all acts of the Legislature if it can be reasonably done.

Bearing these principles of statutory construction in mind, we read the two statutes *in pari materia* to ascertain whether they are in irreconcilable conflict in so far as they affect the punishment for operating a motor vehicle under state license on the public roads or streets.

A cursory reading of section 41, the new section added to the prohibition law by the Act of 1929, reveals that the primary purpose of that act was to make drunkenness in a public place a misdemeanor with punishment by fine for the first offense, and by fine and imprisonment for a second or any subsequent offense. And if upon the hearing it appears that the person so found intoxicated on any road, street or other public place was engaged at the time in driving or operating a motor vehicle requiring a state license, his chauffeur's or operator's license shall be cancelled as an additional penalty for being intoxicated on the street or road or other public place. The penalty is not for driving on the public road or street while intoxicated. It is to punish for being intoxicated in a public place. A driver of a motor vehicle may be entirely sober until he reaches a place where liquor be obtainable. He is engaged in driving that vehicle until his journey be completed. Should he become intoxicated and found in a public place in that condition whether actually at the wheel or away from the car, he has committed an offense against the prohibition law and shall be fined; and in addition to that fine his license shall be revoked. He cannot finish his journey as a driver. The cancellation of his license conserves to others

safety on the public roads. He is not allowed to enter his car and drive while intoxicated; and because he has demonstrated his unfitness to operate, he is not again permitted to operate until at least one year thereafter. Reading the road law, section 88, Chapter 43, Code, we find an offense for driving any kind of a vehicle, whether motor driven or otherwise, on the public road or streets while intoxicated or under the influence of liquor, drugs or narcotics with a penalty of fine and imprisonment, for the first offense, and punishment as for a felony for second offense. It is quite apparent that the Legislature by the Act of 1929 did not intend that a drunken driver of an automobile should receive a lighter punishment than a driver under the influence of drugs or narcotics; nor that a driver of a buggy who is under the influence of liquor should receive a greater penalty than an intoxicated driver of a motor vehicle, a much more dangerous machinery.

The basic idea of the road statute is to promote safety in travel over the public roads; the purpose of the later statute is to prevent drunkenness in public places, and incidentally to prevent a person found intoxicated in a public place from further driving a motor vehicle, requiring a state license, for at least one year from the date of the revocation of his license. The two statutes are not in irreconcilable conflict with respect to the punishment to be inflicted upon a person who is found driving a motor vehicle, whether licensed or not, upon the public roads or streets while intoxicated or under the influence of liquor.

The writ will be denied.

*Writ refused.*